IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  MANUEL CONTRERAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-13-1095-F |
| | ) | |
| 1.  SILVERADO ROAD SERVICE, INC., and | ) ) | |
| 2.  JIM STRATTON, individually as Owner, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Manuel Contreras, and for his Complaint against the above-named Defendants, alleges and states as follows:

### PARTIES

1. The Plaintiff is Manuel Contreras, a Hispanic adult male residing in Oklahoma County, Oklahoma.

2. Defendant Silverado Road Service, Inc. ("Silverado") is an entity doing business in Oklahoma County, Oklahoma.

3. Defendant Jim Stratton ("Stratton") is an individual and owner of Silverado Road Service, Inc., working in Oklahoma County, Oklahoma at all times relevant hereto.

### JURISDICTION AND VENUE

4. Plaintiff asserts causes of action arising out of his former employment with Defendants based on (1) race and national origin discrimination, the creation of a racially hostile work environment, and retaliation for complaining of the same in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)(1)), and (2) a state law cause of action based on negligent retention, training and supervision.

5. Jurisdiction over Plaintiff's federal causes of action is vested in this Court

under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims, and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

6.   The actions complained of herein occurred in Oklahoma County, Oklahoma and Defendants may be served in said county.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

7.   Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 18, 2013.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated July 29, 2013  (received by Plaintiff by mail thereafter), and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

8.   Plaintiff, a Hispanic male of Mexican descent, was hired with Defendant Silverado on or about April 1, 2013 as the Service Manager, a position that urgently needed to be filled.  Throughout Plaintiff's employment, Plaintiff's work was at least satisfactory, if not excellent.

9.   Shortly after Plaintiff began work, Plaintiff became aware of the fact that one of his subordinates, Chris (last name unknown), a White male, had at least one racially offensive tattoo that could be easily viewed by Defendants' employees.  Particularly, Chris had tattoos of a swastika and other German paraphernalia on his upper shoulder and arm.  Chris would roll up the sleeves of his short sleeve t-shirt so that the tattoo was visible.

10.  Plaintiff asked Chris to cover his tattoo at work, as Plaintiff and others found it offensive.  Chris refused to do so.  Therefore, Plaintiff spoke to Defendant Silverado's Owner, Defendant Jim Stratton, a White male, about the tattoo and Chris' behavior.  In

response, Stratton stated that the tattoo was "to scare off ni**ers and wetbacks," and that if Plaintiff did not like it, he "could f***ing quit."

11. Plaintiff spoke with Stratton again about Chris' behavior and tattoos and received a similar response.

12. Throughout Plaintiff's employment, he was questioned about his political affiliations and his views on immigration and gun control. When Plaintiff's beliefs differed with Stratton's, Stratton stated that he would find a White American to replace Plaintiff.

13. On one occasion, Plaintiff overheard a conversation between Stratton and another employee, in which they were discussing immigration policies. Stratton stated that they should arm themselves and "declare open season at the border." Plaintiff turned to them and stated, " you realize I'm Mexican, right?," to which Stratton replied, "It doesn't matter, you're all wetbacks to me."

14. On or about April 20, 2013, Plaintiff was wrongfully terminated by Stratton. The reason given was that Stratton did not think that Plaintiff liked him. However, the stated basis for Plaintiff's wrongful termination was pretext.

15. During Plaintiff's termination, Stratton stated that it has nothing to do with his work performance.

16. Upon information and belief, Plaintiff was replaced by a White male with significantly less experience and certifications.

17. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages as described below.

## COUNT I

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

18. This Count goes to Defendants Silverado and Stratton.

19. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race and national origin discrimination, the creation of a racially hostile work environment, and retaliation for complaining of the same.

20. As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

21. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

## COUNT II

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

22. This Count goes to Defendant Silverado.

23. The matters alleged above constitute violations of Title VII of the Civil Rights Act in the nature of race and national origin discrimination, the creation of a racially hostile work environment and retaliation for complaining of the same.

24. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

25. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiffs' rights, the Plaintiffs are entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT III

For his third cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

26. This Count goes to Defendant Silverado.

27. The acts of the Defendant as described above constitute the tort of negligent supervision, training and retention.

28. As damages, Plaintiff is entitled to all damages allowed by state law.

## PRAYER

**WHEREFORE** Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiffs and against the Defendants and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 14th day of October, 2013.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. WALKER**
**Oklahoma City, Oklahoma  73139**
**(405) 239-3800       (telephone)**
**(405) 239-3801       (facsimile)**
leonardjb@leonardlaw.net

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**